OPINION
Defendant-appellant, Mark A. Peck, appeals from a judgment of the Franklin County Court of Common Pleas sentencing him for possession of cocaine in violation of R.C. 2925.11, a felony in the third degree. Appellant maintains that he was not awarded the proper amount of jail-time credit. For the following reasons, we reverse and remand for resentencing.
On September 15, 2000, appellant was indicted on one count of possession of cocaine in violation of R.C. 2925.11, a felony in the second degree. At the time of this indictment, appellant was already in custody, as he had been arrested upon a charge of domestic violence. On September 20, 2000, appellant appeared at his arraignment for the possession of cocaine charge and pled not guilty. Although the trial court set a bond at the arraignment, appellant did not post it.
On August 1, 2001, appellant pled guilty to one count of domestic violence, in violation of R.C. 2919.25, a felony in the fifth degree. Appellant was sentenced to 11 months imprisonment, but this sentence was suspended for time served. At the time of sentencing, appellant had been confined since September 4, 2000, approximately 11 months.
With the domestic violence charge resolved, appellant posted bond for the possession of cocaine charge on September 5, 2001. Fourteen days after he had been released from jail, appellant pled guilty to one count of possession of cocaine in violation of R.C. 2925.11, a felony in the third degree. Appellant remained free on bond until November 2, 2001, when he was sentenced to three years imprisonment, a six-month suspension of his driver's license and restitution. The trial court calculated and certified to the Ohio Department of Corrections that appellant had no jail-time credit. Appellant appeals from this judgment.
On appeal, appellant assigns the following error:
 The Trial Court erred in failing to give Appellant any jail time credit toward his sentence pursuant to Revised Code § 2967.191.
Pursuant to R.C. 2967.191:
 The department of rehabilitation and corrections shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *.
Although this statute places the burden of this calculation upon the Department of Rehabilitation and Correction, trial courts are encouraged to calculate the number of days served prior to sentencing. State v. McKinzie (2001), Franklin App. No. 00AP-1182.
While appellant acknowledges the trial court's authority to calculate pre-sentencing jail-time credit, he alleges that the trial court erred by not awarding him almost one year of credit for his pre-sentencing confinement from September 4, 2000, to September 5, 2001. We disagree. When calculating jail-time credit, "a trial court is not required to recognize duplicate or multiple pretrial detention credit." State v. Callender (1992), Franklin App. No. 91AP-713. In Callender, appellant sought to "double" the credit for the 103 days that he was detained prior to trial by applying it to two separate, unrelated counts. In affirming the trial court's decision not to allow this "double time credit," this court stated:
 * * * We do not believe that the legislature intended to entitle a defendant held and later sentenced on multiple offenses the right to multiply his single period of pretrial confinement by the number of convictions entered against him. To do so would, in effect, discriminate in favor of the defendant charged with more than one offense over the defendant charged with only one offense. * * *
See, also, Pollock v. Ohio Adult Parole Authority, Franklin App. No. 01AP-839, 2002-Ohio-1319, at ¶ 12-19 (holding that appellant was entitled to only a single credit for the days spent in pre-trial confinement, even though he was held in jail for two unrelated offenses for the majority of that time); State v. Fincher (1998), Franklin App. No. 97AP-1084 (relying on Callender in upholding the trial court's award of only a single credit for time appellant spent confined on multiple charges).
Here, although appellant was detained for almost one year prior to his sentencing on the possession of cocaine charge, he was held for two unrelated offenses during the majority of that time. The trial court already awarded appellant credit once for the time served between September 4, 2000, and August 1, 2001, by suspending the 11-month sentence for appellant's domestic violence offense. Therefore, the trial court did not err by refusing to award appellant "double time credit" for the period during which he was held on both the domestic violence and possession of cocaine charges.
However, after appellant was sentenced for the domestic violence charge on August 1, 2001, he remained in confinement until he posted bond on September 5, 2001. During this period, appellant was only held on one charge, the possession of cocaine charge. Consequently, the trial court erred in not awarding appellant credit for this period of pretrial confinement when it sentenced him on the possession of cocaine charge.
Accordingly, for the foregoing reasons, appellant's assignment of error is sustained and that portion of the judgment which fails to award appellant any jail-time credit is reversed and this case is remanded to the trial court for resentencing in accordance with law.
Judgment affirmed in part, reversed in part, and case remanded.
DESHLER and LAZARUS, JJ., concur.